IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEAN AND PATRICIA GREEN,

                   Plaintiffs,

v.                                        CIVIL ACTION NO. 3:06-0309

BANK OF AMERICA successor to
EQUICREDIT CORP., EQUICREDIT
CORPORATION OF WEST VIRGINIA,
and DECISION ONE MORTGAGE
COMPANY LLC,

                   Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Defendant Decision One Mortgage Company, LLC's Motion for Partial Dismissal of Plaintiffs' Fourth Amended Complaint (Doc. 50). For the reasons below, the Court **GRANTS in part** and **DENIES in part** the motion.

**Facts**

A large number of plaintiffs filed suit against Bank of America alleging that its actions amounted to predatory lending. Of all of the claims, the only suit remaining is Plaintiffs Dean and Patricia Green's ("Plaintiffs"). In September 2007, Bank of America filed a Third Party Complaint against Decision One Mortgage Company, LLC ("Decision One"). On January 14, 2008, this Court permitted Plaintiffs to add Decision One as a direct Defendant.

On February 15, 2008, Plaintiffs filed a Fourth Amended Complaint that included Decision One as a Defendant and asserted three claims: 1) breach of duty of good faith and fair dealing (Count I); 2) unconscionable contract (Count XXXXIII); and 3) fraud (Count XXXXIV). On

February 29, 2008, Defendant Decision One filed the motion at issue, seeking partial dismissal of the Fourth Amended Complaint – specifically seeking to dismiss Counts I and XXXXIV.

## Discussion

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957), previously used to evaluate complaints subject to 12(b)(6) motions. *Twombly*, 127 S. Ct. at 1969. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1965 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (internal quotation marks and citations omitted). Two weeks after issuing its decision in *Twombly*, the Court emphasized in *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964 (other citations and some internal quotations omitted). Thus, "a universal standard of heightened fact pleading" is not required, rather it is "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where

such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143,157-58 (2d Cir. 2007) (italics original). It is under this standard that the Court will evaluate the motion.

### Count I (Breach of Implied Duty of Good Faith and Fair Dealing)

Defendant Decision One first argues that Count I fails to state a claim against Decision One for breach of duty of good faith and fair dealing and should be dismissed. Plaintiffs do not dispute this. For this reason, the Court **GRANTS** the motion with respect to Count I.

### Count XXXXIV (Fraud)

Regarding Count XXXXIV, Defendant Decision One argues that the claim is time-barred because the alleged fraud took place when the loan closed on April 10, 2000 and Plaintiffs failed to file suit until July 2005. Defendant states that Plaintiffs voluntarily dismissed their claim in February 2007 and then filed this suit in February 2008 – almost eight years after the alleged harm took place, thereby exceeding the two year statute of limitations.

Plaintiffs respond that the claim is not time-barred because they did not discover the fraud until July 2005 and therefore filed their original suit within the two year statute of limitations. Plaintiffs then argue that under West Virginia law, the statute of limitations was tolled for the pendency of the first civil action such that the present cause of action is not time barred.

The parties agree that the statute of limitations for the cause of action of fraud is two years. The only issue is when the two year period began to run and whether West Virginia law did toll the statute of limitations during the pendency of the previous claim.

<u>Discovery Rule</u>

West Virginia's Supreme Court of Appeals has stated, "[t]he ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time." *Worley v.*

*Beckley Mechanical, Inc.,* 648 S.E.2d 620, 639 (W.Va. 2007) *quoting* Syl. Pt. 2, *Perdue v. Hess*, 484 S.E.2d 182 (W.Va.1997). Under the discovery rule, "the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim." *Davey v. Estate of Haggerty,* 637 S.E.2d 350, 353 (W.Va. 2006) *quoting* Syl. Pt. 1, *Cart v. Marcum*, 423 S.E.2d 644 (W.Va. 1992). In other words, "under the discovery rule, the statute of limitations begins to run when the plaintiff knows or, by reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." *Goodwin v. Bayer Corp.,* 624 S.E.2d 562, 568 (W.Va. 2005). However, "the 'discovery rule' applies only when there is a strong showing by the plaintiff that some action by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury." *Davey*, 637 S.E.2d at 353 *quoting Cart,* 423 S.E.2d at Syl. Pt. 3.

Plaintiffs learned that the market value of their home had been inflated, allegedly fraudulently, in July 2005 when the home was retrospectively appraised. Thus, they did not discover the harm until the home was appraised in 2005. At that point, Plaintiffs knew they had been injured, knew the identity of Defendants who injured them, and knew that said Defendants were responsible for causing that injury. Accepting as true Plaintiffs' allegation, Defendant's wrongful conduct was concealed from Plaintiffs until the retrospective appraisal. The discovery rule applies here and the statute of limitations began to run in July 2005. Plaintiffs filed the original suit against Decision One on July 25, 2005 – within the two year statute of limitations.

However, the original suit against Decision One was dismissed on February 23, 2007. The claims against Decision One were not re-filed until the Fourth Amended Complaint was filed on

February 15, 2008. Thus the next issue is whether the time during the pendency of the original suit is included in the statute of limitations or whether that time is excluded.

### W.Va. Code § 55-2-21

Plaintiffs argue that West Virginia Code § 55-2-21 applies. That section states:

> After a civil action is commenced, the running of any statute of limitation shall be tolled for, and only for, the pendency of a civil action as to any claim which has been or may be asserted therein by counterclaim, whether compulsory or permissive, cross-claim or third-party complaint. . . . This section shall be deemed to toll the running of any statute of limitation with respect to any claim for which the statute of limitation has not expired on the effective date of this section, but only for so long as the action tolling the statute of limitations is pending.

W. Va. Code § 55-2-21. Plaintiffs state that the statute of limitations for the fraud claim against Decision One was tolled for the pendency of the civil action which was filed on July 25, 2005 and dismissed in February 2007. Thus, according to Plaintiffs, in February 2007, the statute of limitations period began to run again. Plaintiffs then reasserted the claims in February 2008 – one year later. Using Plaintiffs' calculations, the total time that the statute of limitations ran is one year and one month: the month of July 2005, between discovery of the injury and filing the suit, and the year between the February 2007 dismissal and the February 2008 refiling. This is certainly less than the two year statute of limitation; the claim for fraud would not be time-barred. The Court notes that Defendant did not reply to this argument and that Plaintiffs voluntarily dismissed their original claim. Accordingly, the Court applies § 55-2-21 and therefore finds that the claim was timely filed.

### **Costs & Attorneys Fees**

In its reply and for the first time, Defendant asks the Court to require Plaintiffs to pay the costs and attorneys fees associated with the previously dismissed action. The issue was not in the

motion that is pending before the Court, so the Court will not consider the request. Should Defendant seek such relief, it should do so in a separate motion.

### Conclusion

For the reasons above, the Court **GRANTS in part** and **DENIES in part** Defendant Decision One Mortgage Company, LLC's Motion for Partial Dismissal of Plaintiffs' Fourth Amended Complaint. The Court **GRANTS** the motion with respect to Count I and **DISMISSES** that count. The Court **DENIES** the motion with respect to Count XXXXIV.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: April 2, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE